UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| TRUSTEES OF THE PLUMBERS & PIPEFITTERS NAT'L PENSION FUND, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:18-cv-01422 (AJT/IDD) |
| MERIT SERV. LLC, | ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Trustees of the Plumbers and Pipefitters National Pension Fund's ("NPF") ("Plaintiff") Motion for Default Judgment against Merit Service LLC ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). Mot. for Default J., ECF No. 11. After a licensed attorney for Defendant failed to appear at the hearing on March 8, 2019, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment and the supporting memoranda and affidavits thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant as to Count I and denied as to Count II.

### I.   INTRODUCTION

On November 16, 2018, Plaintiff filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Compl. ¶¶ 1-3. These Acts allow parties to enforce provisions of collective bargaining agreements. In their Complaint, Plaintiff seeks unpaid contributions, interest on unpaid

1

contributions, late fees, liquidated damages, injunctive relief, attorney's fees and costs pursuant to ERISA and the LMRA, and any other such relief as the Court deems appropriate. *Id.* ¶¶ 16(A)–(D), 17.

## A. Jurisdiction and Venue

For a court to render default judgment against a party, it must have subject matter and personal jurisdiction over the party and be the appropriate venue for the action. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under ERISA and the LMRA, which are federal laws. Furthermore, "[a suit] for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

For a court to exercise personal jurisdiction over a defendant in an ERISA action, the defendant must be served with process and have "sufficient aggregate contacts with the United States as a whole," pursuant to the Fifth Amendment. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1044 (E.D. Va. 1997) (holding that because ERISA provides for nationwide service of process, the Fifth Amendment "national contacts" theory, rather than Virginia's long-arm statute, applies). As discussed below, Defendant was properly served with process. Defendant has sufficient contacts with the United States as a whole because it is incorporated under Rhode Island law and transacts business in Rhode Island. Compl. ¶ 2, *See McD Metals*, 964 F. Supp. at 1045. Therefore, this Court has personal jurisdiction over Defendant.

Finally, as to venue, an ERISA action may be brought in the "district where the plan is

administered." 29 U.S.C. § 1132(e)(2). In this case, the NPF is administered in Alexandria, Virginia, which is within the Eastern District of Virginia. Compl. ¶ 1. An LMRA action may be brought "in any district court of the United States having jurisdiction of the parties." *Id.* § 185(a). As discussed above, this Court has jurisdiction over the parties. Therefore, venue is appropriate in this Court.

### B. Service of Process

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve a defendant properly under federal or state law, a court lacks personal jurisdiction and may not enter default judgment against the defendant. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946))), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249, 251 (4th Cir. 1974) (reversing the district court's decision to enter default judgment against a non-resident defendant because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the defendant with summons and complaint).

Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h).

On January 2, 2019, a private process server served Defendant by serving Joyce Costa,

who is authorized to accept service on Defendant's behalf, by delivering a copy of the Summons and Complaint to Defendant's principal place of business at 24 Minnesota Avenue, Warwick, RI 02888. Mem. in Supp. of Mot. for Default J. (hereinafter "Mem. in Supp.") at 2, ECF No. 12. Therefore, Plaintiffs properly served Defendant pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h).

### C. Grounds for Default

Plaintiff filed its Complaint on November 16, 2018. ECF No. 1. Defendant failed to appear, answer, or file any other responsive pleadings in this matter. On February 11, 2019, Plaintiff filed a Request for Entry of Default with the Clerk. ECF No. 6. On February 12, 2019, the Clerk entered default against Defendant. ECF No. 10. On February 26, 2019, Plaintiff filed a Motion for Default Judgment, and the Court conducted a hearing on the matter on March 8, 2019. ECF Nos. 11, 14. After Defendant failed to appear at the March 8, 2019 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II.   EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g., DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322, n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206

(5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

## III.   FACTUAL FINDINGS AND ANALYSIS

The undersigned Magistrate Judge makes the following findings of fact based on: the Complaint; the Motion for Default Judgment and memorandum in support thereof; the Affidavits of Toni C. Inscoe, Administrator of NPF, on behalf of Plaintiff ("Inscoe NPF Aff."); the Declaration of John R. Harney, Plaintiff's counsel; and the documents submitted in proof of damages.[1]

Plaintiff is the trustee of multi-employer employee benefit plans[2] administered from offices located in Alexandria, Virginia. Compl. ¶ 1. Plaintiff is maintained by a Restated Trust Agreement

---

[1] Defendant admits Plaintiff's factual allegations because it failed to answer Plaintiff's Complaint. "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").

[2] Such plans are defined by ERISA, 29 U.S.C. § 1002(3), (37).

and by a Collective Bargaining Agreement between Local Union No. 51 and Defendant. *Id.* Defendant is a Rhode Island corporation which transacts business as a contractor or subcontractor in the plumbing and pipefitting industry. *Id.* ¶ 2. Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5), (9), (11), (12), and (14); 29 U.S.C. § 142(1) and (3); 29 U.S.C. § 152(2); and 29 U.S.C. § 1001(a). *Id.*

Defendant is a signatory to the Collective Bargaining Agreements with Local Union No. 51, establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Defendant. *Id.* ¶ 4. Defendant employed certain employees covered under the Collective Bargaining Agreements during the months of May 2018 through September 2018. *Id.* ¶¶ 6, 7. Pursuant to the Collective Bargaining Agreements, Defendant was required to pay to Plaintiff certain sums of money for each hour that Defendant's covered employees worked. *Id.* ¶ 5. Defendant has failed to make obligatory contributions to the Plaintiff for work performed at Defendant's request for the months of May 2018 through September 2018. *Id.* ¶¶ 7–8.

### A. Count I - Unpaid Contributions to National Pension Fund

Plaintiff alleges that Defendant failed to make contributions to it on behalf of members in Local Union No. 51's jurisdiction for the months of May 2018 through September 2018. *Id.* ¶¶ 6– 8. Defendant also failed to submit reports to Plaintiff indicating the amount it owed for the months of July 2018 through September 2018. *Id.* ¶ 9. Plaintiff is therefore entitled to rely on Defendant's average monthly payment for the last three months for which payments were made to project the delinquent amounts for July 2018 through September 2018. *Id.* ¶¶ 11-13. The average monthly payment, taken from the last three months Defendant made payments, is $2,067.00. *Id.* ¶ 13. Therefore, Defendant owes a contribution of $2,067.00 per month for the months of July 2018

through September 2018, for a total of $7,381.25[3] in unpaid contributions. *Id.* ¶¶ 13-14; Mem. in Supp. at 2.

Defendant is also liable for liquidated damages. Article VI, Section 5 of Plaintiff's Restated Trust Agreement and Declaration of Trust provides that an employer who fails to pay the amounts required by the Collective Bargaining Agreement shall be considered delinquent and may be assessed liquidated damages in the amount of ten percent of the amount due. Compl. ¶ 15. Pursuant to this provision, Defendant owes Plaintiff liquidated damages totaling $738.13. Mem. in Supp. at 2.

Though Plaintiff does not specifically ask to recuperate interest in its Complaint, it asked for other such relief as this Court finds appropriate. Given that the Restated Trust Agreement and Plaintiff's delinquency policies allow interest on any amounts owed to the Plaintiff accruing at the rate of twelve percent per annum from the due date through the date of payment, the undersigned finds it appropriate to grant payment for interest accrued through March 8, 2019. Inscoe NPF Aff. ¶ 10. Therefore, Defendant owes Plaintiff interest on the delinquent contributions at a rate of twelve percent per annum, which amounts to $505.87 through March 8, 2019. Inscoe NPF Aff. ¶ 11.

| Plaintiff | Delinquent Contributions | Liquidated Damages | Interest (through 3/8/2019) | Total |
|---|---|---|---|---|
| NPF | $7,381.25 | $738.13 | $505.87 | $8,625.25 |

### B. Count II – Enjoining violations of terms of employee benefit plans

In its Complaint, Plaintiff alleges that Defendant agreed to make timely contributions to

---

[3] This amount differs from that stated in the Compl. Since the amount stated in the Mem. in Supp. is different but lower, the Court finds it appropriate to grant Plaintiff's requested amount in its Mem. in Supp.

Plaintiff in the amounts and on the dates required by a Collective Bargaining Agreement with Local Union No. 51, but failed to submit timely reports or contributions. Compl. ¶¶ 19-20. In the Complaint, Plaintiff seeks to enjoin future violations of the terms of the multi-employer employee benefit plans, *id.* ¶ 17, however, Plaintiff has not made any argument for injunctive relief in its Motion for Default Judgment or supporting documents. Therefore, the undersigned declines to award injunctive relief for Count II.

### C.  Attorney's Fees and Costs

Finally, Plaintiff seeks $1,472.50 in attorney's fees and $686.29 in costs. Mem. in Supp. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D). In support of its request, Plaintiff submitted the Declaration of John R. Harney and a report of attorney's fees and costs through February 26, 2019. Mem. in Supp., ECF No. 12, Ex. A. Having reviewed the declaration and time sheet, the undersigned Magistrate Judge finds that the following costs and attorney's fees are reasonable:

| *Attorney's Fees* | *Costs* | *Total* |
|:---:|:---:|:---:|
| $1,472.50 | $686.29 | $2,158.79 |

### IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the Trustees of the Plumbers and Pipefitters National Pension against Merit Service LLC as to Count I of its Complaint. Plaintiff is entitled to damages in the total amount of $8,625.25 (including interest through March 2019) and attorney's fees and costs in the amount of $2,158.79, for a total

of $10,784.04[4]. As to Count II of the Complaint, the undersigned Magistrate Judge recommends denying injunctive relief.

### NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following addresses:

Merit Service LLC
Joyce Costa, Office Manager
24 Minnesota Avenue
Warwick, RI 02888

/s/
Ivan D. Davis
United States Magistrate Judge

July 5, 2019
Alexandria, Virginia

---

[4] The Mem. in Supp. calculates this amount as $10,784.03. However, the correct calculation of damages sought by Plaintiff is $10,784.04.